Citation Nr: 1717651 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 16-26 944 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to recognition as the Veteran's surviving spouse for purposes of establishing entitlement to VA death benefits. 


ATTORNEY FOR THE BOARD

B. Garcia, Associate Counsel

INTRODUCTION

The Veteran served on active duty from May 1965 to July 1966. He died in May 2014. The Appellant contends that she is the Veteran's surviving spouse for the purpose of establishing entitlement to VA death benefits. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2015 decision of the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin. 

Although the appellant requested a hearing before the Board in her June 2016 VA Form 9, she cancelled her request in a January 2016 letter. Thus, the appellant's request for a hearing is withdrawn. 38 C.F.R. § 20.702(e) (2016). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014). 


FINDINGS OF FACT

1. The Veteran and the appellant were married on December [REDACTED], 1991, and a final decree of divorce establishes that they divorced on October [REDACTED], 2013. 

2. The Veteran died on May [REDACTED], 2014. 


CONCLUSION OF LAW

The criteria for recognition as the surviving spouse, for the purpose of establishing eligibility for VA death benefits, are not met. 38 U.S.C.A. §§ 101, 103, 5107 (West 2014); 38 C.F.R. § 3.50, 3.54, 3.205, 3.206 (2016). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R. § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. 

Here, the Veteran completed her application through the use of VA Form 21-534EZ, which includes applicable notice on the claims application form. As such, VA has fulfilled its duty to notify the Veteran. See 38 U.S.C.A. § 5103A(a)(1); 38 C.F.R. § 3.159(b). VA has also fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the Veteran's claims. See 38 U.S.C.A. § 5103A(a)(1); 38 C.F.R. § 3.159(c). Marriage and divorce records, death certificates, medical records, and lay statements have been associated with the record. The appellant has not identified any additional relevant evidence concerning her claim, nor does the record otherwise reflect that there is outstanding evidence that would support her claim. Accordingly, the Board concludes that no further assistance is required for VA to comply with its duty to assist. 

II. Entitlement to Recognition as the Veteran's Surviving Spouse

 Legal Criteria

A surviving spouse of a veteran may be eligible for VA benefits, such as pension, compensation, and/or dependency and indemnity compensation, provided that specific requirements for entitlement to such benefits are met. See 38 C.F.R. § 3.54. A basic threshold requirement is that the claimant must be the veteran's "surviving spouse" as defined in applicable law and VA regulations. See id. 

In general, "surviving spouse" means a person who was the spouse of the veteran at the time of the veteran's death and: (1) who lived with the veteran continuously from the date of marriage to the date of the veteran's death, except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse; and (2) has not remarried, or, has not since the death of the veteran, and after September 19, 1962, lived with another person and held herself out openly to the public to be the spouse of such other person. 38 U.S.C.A. § 101(3); 38 C.F.R. § 3.50(b); see also 38 C.F.R. § 3.50(a) (defining "spouse"). 

Proof of marriage can be established by various types of prescribed evidence, including, but not limited to, an original certificate of marriage, a copy of a public record of marriage, and affidavits. 38 C.F.R. § 3.205(a). 

The validity of a divorce decree that is regular on its face will only be questioned by VA when such validity is put in issue by a party thereto or a person whose interest in a claim for VA benefits would be affected thereby. 38 C.F.R. § 3.206. Where the issue is whether the veteran is single or married (dissolution of a subsisting marriage), there must be bona fide domicile in addition to the standards of the granting jurisdiction respecting validity of divorce. 38 C.F.R. § 3.206(a). 

 Factual Background and Legal Analysis

The appellant seeks recognition as the Veteran's surviving spouse for the purpose of establishing eligibility for VA death benefits. 

A marriage certificate from Gibson County, Tennessee reflects that the Veteran and the appellant were married on December [REDACTED], 1991. According to a final divorce decree from the Chancery Court of Madison County, Tennessee, the Veteran and the appellant were granted an absolute divorce on October [REDACTED], 2013, on the grounds of irreconcilable differences. The divorce decree indicates that the appellant filed the petition for divorce. The decree is signed by a chancellor of the court and has a date stamp showing the date it was entered. Both the appellant and the Veteran signed the decree acknowledging their approval, and it was also signed and approved for entry by the appellant's attorney in the divorce matter. 

As reflected in copies of death certificates that have been associated with the record, the Veteran died on May [REDACTED], 2014, and his marital status was "married" at the time of his death. 

In her June 2015 VA Form 21-534EZ, Application for DIC, Death Pension, and/or Accrued Benefits, the appellant indicated that she was the Veteran's surviving spouse. In this regard, the appellant provided that her marriage to the Veteran ended due to his death and that she lived continuously with the Veteran from the date of their marriage to the date of his death. 

In support of her claim, the appellant submitted a copy of the Veteran's death certificate in July 2015, in which the designated surviving spouse's name was crossed out and replaced with the appellant's hand-written name. The informant's name, who, according to the death certificate, was the Veteran's wife, was also crossed out and replaced with the appellant's hand-written name. An unaltered death certificate that was associated with the claims file in March 2016 provides that the Veteran's surviving spouse at the time of his death was K.C., and that the informant was K.B. 

In her October 2015 notice of disagreement, the appellant provided that she was married to the Veteran for 23 years prior to his death and that neither of them re-married. The appellant wrote that she "earned the pension," that the Veteran was a "big part of [her] life," and that "no other woman was his wife." 

In March 2016, VA received a notarized statement from R.B., who indicated that he was the Veteran and appellant's son. According to R.B., the Veteran was not married to K.C./K.B at the time of his death. R.B. stated that upon his father's passing, his father's entire estate became his, as the Veteran and the appellant "were divorced, after 23 years of marriage" in October 2013. 

The appellant also submitted a statement in March 2016, in which she suggested that R.B.'s letter proved that the Veteran was not married to K.C./K.B. The appellant wrote that she and the Veteran were married for 23 years prior to his death and that she could not have the certificate amended because his body was "sent to science." She also wrote: "I got a divorce not him. He didn't want one, but I did anyway. We would have gotten back together later on." 

In support of her claim, the appellant submitted private mental health treatment records. Among these records, a July 2007 discharge summary indicates that the appellant was admitted due to issues pertaining to chronic paranoid schizophrenia. The treatment record provides that the appellant was under the delusion at that time that she was getting a divorce and that she thought her house was burning down. 

Here, there is no credible evidence to support a conclusion that the appellant is the Veteran's surviving spouse. While the Veteran and appellant's marriage certificate provides that they were married in December 1991, the final divorce decree indicates that they divorced in October 2013. The divorce decree is regular on its face, and there is no credible evidence of record to call into question its validity. Nevertheless, to the extent that the July 2007 discharge report suggests that the appellant was only under a delusion that she was getting divorced, the discharge report precedes the October 2013 divorce decree by six years, and therefore, it has significantly limited probative value. Moreover, in a March 2016 statement, the appellant wrote that she divorced the Veteran. Consistent with both the divorce decree and the appellant's statement that she divorced the Veteran, the Veteran and appellant's son, R.B., wrote that his parents divorced in October 2013. 

Additionally, the divorce was entered due to irreconcilable differences, a valid ground for divorce in Tennessee, both presently and at the time the decree was entered. Tenn. Code Ann. § 36-4-101(14). Under Tennessee law, including at the time the decree was entered, a court may grant a decree if, upon hearing the cause, it is satisfied that the complainant is entitled to relief. Id. § 36-4-119 (providing that in granting the decree, the court may dissolve the marriage forever and free each party from the obligations thereof). While the decree does not specify whether there was bona fide domicile at the time of the divorce, the record reflects that the Veteran and the appellant married in Tennessee and divorced in Tennessee. Moreover, the court's granting of the decree indicates that residency requirements for purposes of obtaining a divorce in the State of Tennessee were met. See id. § 36-4-101(a) (setting forth residency requirements for divorce). Thus, there is no reason to doubt the validity of the October 2013 final decree of divorce, and the record establishes that the Veteran and the appellant divorced in October 2013. 

Additionally, there is no indication that the Veteran and the appellant remarried subsequent to their divorce in 2013. Instead, the appellant has only asserted that she and the Veteran "would have gotten back together" following their divorce. 

To the extent that the appellant maintains that the altered death certificate that includes her name as the Veteran's surviving spouse supports a finding that she is the Veteran's surviving spouse, the Board concludes otherwise. As detailed above, an unaltered death certificate lists the Veteran's surviving spouse as K.C. and the death informant/wife as K.B. A copy of the death certificate that was altered by crossing out and replacing K.C./K.B.'s name with the appellant's name, in handwriting, cannot credibly support a finding that the Veteran and appellant were married at the time of his death.

The Board notes that while the appellant and R.B. have asserted that the Veteran was not married to K.C./K.B. at the time of his death, any question as to the validity of the Veteran's marriage to K.C./K.B. is not relevant to the matter on appeal. The only issue before the Board is whether the appellant and the Veteran were married at the time of his death, and as detailed above, the record provides that the Veteran and the appellant divorced in 2013 and did not subsequently remarry. Therefore, this issue will not be further addressed. 

In conclusion, the evidence is against a finding that the appellant was the Veteran's spouse at the time of his death, which is a necessary requirement for recognition as a surviving spouse for VA death benefits purposes. 38 C.F.R. § 3.50(b). The Board has considered the appellant's contentions but finds that any suggestion that she and the Veteran were married at the time of his death is not credible, particularly when considering the altered death certificate, the divorce decree, the appellant's own statements acknowledging her divorce from the Veteran, and R.B.'s letter regarding his parents' divorce. The Board recognizes that the appellant and the Veteran were married for over 20 years prior to their divorce. Nevertheless, there is no credible evidence suggesting that they were married at the time of the Veteran's death. To the extent that the appellant asserts that surviving spouse status should be conferred upon her on the basis of equity, the Board is bound by the law and does not have authority to grant benefits on an equitable basis. See 38 U.S.C.A. § 7104(c); Harvey v. Brown, 6 Vet. App. 416, 425 (1994). Thus, for the reasons set forth above, the appellant does not satisfy the criteria for recognition as the Veteran's surviving spouse for VA death benefit purposes, and the claim must be denied. 


ORDER

Entitlement to recognition as the Veteran's surviving spouse, for purposes of establishing entitlement to VA death benefits, is denied. 




____________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs